**FILED**
**JANUARY 18, 2008**
**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'ROURKE, individually and on behalf of a class, ) ) ) Plaintiff, ) ) v. ) ) PALISADES ACQUISITION XVI, LLC ) and PALISADES COLLECTION, LLC, ) ) Defendants. ) | **08 C 430**<br><br>**JUDGE NORGLE**<br>**MAGISTRATE JUDGE NOLAN** |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Michael O'Rourke brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Palisades Acquisition XVI, LLC and Palisades Collection, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.  Venue and personal jurisdiction over defendant in this District is proper

1

because defendants do business here.

## PARTIES

4. Plaintiff Michael O'Rourke is an individual who resides in the Northern District of Illinois.

5. Defendant Palisades Acquisition XVI, LLC is a limited liability company chartered under New Jersey law.  Its registered agent and office for service of process is Daniel J. Barkin, Lowenstein Sandler PC, 65 Livingston Ave., Roseland, NJ 07068.

6. Defendant Palisades Collection LLC is a limited liability company chartered under the law of New Jersey with its principal offices at 210 Sylvan Ave., Englewood Cliffs, NJ 07632.  It does business in Illinois.  Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

7. Defendants are both subsidiaries of Asta Funding, a public company.

8. Defendant Palisades Acquisition XVI, LLC is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from the consumers, using the mails and telephones for that purpose.

9. Defendant Palisades Collection, LLC is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from the consumers, using the mails and telephones for that purpose.

10. Palisades Collection LLC is the plaintiff in more than 1,000 lawsuits against Illinois consumers on charged-off debts.

11. Defendant Palisades Acquisition XVI, LLC is the plaintiff in more than 300 collection lawsuits filed against Illinois consumers on charged-off debts.


12. Defendants pay an average of less than five cents on the dollar for the charged-off debts that they purchase.

13. According to the SEC filings of defendants' public parent Asta Funding, during the six months ending March 31, 2007, it purchased $9.8 billion face value of debts for $386.7 million, or 3.9 cents on the dollar.   During the five years ending Sept. 30, 2006, it purchased $5.194 billion face value of debts for $200.2 million, or 3.85 cents on the dollar.

14. Palisades Collection LLC is a debt collector as defined in the FDCPA.

15. Palisades Acquisition XVI, LLC is a debt collector as defined in the FDCPA.

## FACTS

16. Palisades Acquisition XVI, LLC and Palisades Collection, LLC obtain no or virtually no documentation substantiating that the purported debtors actually owe any money to anyone.  If it wanted such documentation, Palisades Acquisition XVI, LLC and Palisades Collection, LLC would have to pay more for the debts.

17. To make up for this self-created deficiency, Palisades Acquisition XVI, LLC and Palisades Collection, LLC resort to fraud and misrepresentation.

18. Attached as Appendix A is a document which was attached to a complaint filed against plaintiff in the Circuit Court of Cook County by Palisades Acquisition XVI, LLC.

19. Appendix A purports to be a statement of account sent by Palisades Collection, LLC to plaintiff on or about July 5, 2007.

20. Appendix A is made to appear as if it were sent in the mail, as a statement of account, issued in the regular course of business.  It states that the top portion should be

detached and returned with payment. It gives instructions at the bottom about "prompt crediting of payments."

21. Documents similar to Appendix A are regularly attached to collection complaints.

22. Appendix A is a standard form document, filled out in a standardized manner.

23. Appendix A was never sent to plaintiff as an independent document. It was only sent to plaintiff as an exhibit to a complaint which was served on him.

24. The purpose and effect of Appendix A is to falsely represent that the document was sent to the putative debtor and not objected to.

## VIOLATION ALLEGED

25. Appendix A violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer (§1692e(10)).

## CLASS ALLEGATIONS

26. Plaintiffs bring this claim on behalf of a class, consisting of (a) all natural persons (b) against whom a complaint was filed (c) attaching a document in the form represented by Appendix A (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

27. The class is so numerous that joinder is impracticable.

28.     There are more than 40 natural persons against whom a complaint was filed attaching a document in the form represented by Appendix A, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

29.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether Appendix A violates the FDCPA.

30.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

31.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

32.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

      a.     Statutory damages;

      b.     Attorney's fees, litigation expenses and costs of suit;

      c.     Such other or further relief as the Court deems proper.

                                            s/Daniel A. Edelman
                                            Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## JURY DEMAND

Plaintiff demands trial by jury.

<div style="text-align:right">

s/Daniel A. Edelman
Daniel A. Edelman

</div>

## **NOTICE OF LIEN**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards.

<div style="text-align: right;">

s/Daniel A. Edelman
Daniel A. Edelman

</div>

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)