IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'ROURKE, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) Case No.: 08 C 430 ) ) Judge Norgle |
| v. | ) ) |
| PALISADES ACQUISITION XVI, LC and PALISADES COLLECTION, LLC, | ) ) ) |

**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT – CLASS ACTION**

Defendants, Palisades Acquisition XVI, LC and Palisades Collection, LLC (collectively "Palisades"), by their attorneys David M. Schultz and Justin M. Penn, and for their Answer and Affirmative Defenses to the Complaint – Class Action, state as follows:

**INTRODUCTION**

1. Plaintiff Michael O'Rourke brings this action to secure redress against unlawful credit and collection practices engaged in by defendants Palisades Acquisition XVI, LC and Palisades Collection, LLC. Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires. debt collectors to give debtors certain information. 15 U.S.C. §§16924, I 692e, 1692f and 1692g.

**ANSWER:  Defendants admit plaintiff's Complaint alleges claims against them under the FDCPA.  Defendants deny that they committed any act in violation of the FDCPA or that plaintiff is entitled to any damages whatsoever against them under**

1

the FDCPA. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. § 1692k (FDCPA).

**ANSWER: Defendants admit that jurisdiction is proper.**

3. Venue and personal jurisdiction over defendant [sic] in this District are proper because defendants do business here.

**ANSWER: Defendants admit that venue and personal jurisdiction are proper.**

## PARTIES

4. Plaintiff, Michael O'Rourke is an individual who resides in the Northern District of Illinois.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to where plaintiff resides as of the date of this answer, but admit that, upon information and belief, the last known address they have for Mr. O'Rourke is in Skokie, Illinois.**

5. Defendant Palisades Acquisition XVI, LLC is a limited liability company chartered under New Jersey law. Its registered agent and office for service of process is Daniel J. Barkin, Lowenstein Sandler PC, 65 Livingston Ave., Roseland NJ 07068.

**ANSWER: Defendants admit Palisades Acquisition XVI, LLC is a limited liability company. Defendants deny Palisades Acquisition XVI, LLC is chartered under the law of New Jersey. Defendants deny the remaining allegations contained in Paragraph 5.**

6. Defendant Palisades Collection LLC is a limited liability company chartered under the law of New Jersey its principal offices at 210 Sylvan Ave., Englewood Cliffs, NJ 07632. It does business in Illinois. Its registered agent and office are CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

**ANSWER: Defendants admit Palisades Collection LLC is a limited liability company with offices located in Englewood Cliffs, NJ. Defendants deny Palisades Collection LLC is chartered under the law of New Jersey. Defendants deny the remaining allegations contained in Paragraph 6.**

6281884v1 885462

7. Defendants are both subsidiaries of Asta Funding, a public company.

**ANSWER: Defendants deny the allegation contained in this paragraph. Defendants state that they are both dusbsidiaries of Asta Funding, Inc.**

8. Defendant Palisades Acquisition XVI, LLC is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from the consumers, using the mails and telephones for that purpose.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

9. Defendant Palisades Collection, LLC is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from the consumers, using the mails and telephones for that purpose.

**ANSWER: Defendants deny that this paragraph accurately characterizes the nature of Palisades Collection LLC's business. Defendants admit that Palisades Collection LLC purchases defaulted consumer debt and has attempted to collect that debt from consumers. Defendants deny the remaining allegations contained in this paragraph. Defendants state that Palisades Collection LLC did not perform any collection activity with respect to the plaintiff.**

10. Palisades Collection, LLC is the plaintiff in more than 1,000 lawsuits against Illinois consumers on charged-off debts.

**ANSWER: Upon reasonable inquiry, the information known or readily available to defendants render them unable to admit or deny the allegations contained in this paragraph.**

11. Defendant Palisades Acquisition XVI, LLC is the plaintiff in more than 300 collection lawsuits filed against Illinois consumers on charged-off debts.

**ANSWER: Upon reasonable inquiry, the information known or readily available to defendants render them unable to admit or deny the allegations contained in this paragraph.**

12. Defendants pay an average of less than five cents on the dollar for the charged-off debts that they purchase.

**ANSWER: Defendants deny that the allegations contained in this paragraph accurately characterize the nature of their businesses.**

6281884v1 885462

13. According to the SEC filings of defendants' public parent Asta Funding, during the six months ending March 31, 2007, it purchased $9.8 billion face value of debts for $386.7 million, or 3.8 cents on the dollar. During the five years ending Sept. 30, 2006, it purchased $5.194 billion face value of debts for $200.2 million, or 3.85 cents on the dollar.

**ANSWER:** **Defendants admit that the allegations contained in this paragraph, upon information and belief, accurately restate a portion of the information contained on Asta Funding's SEC filings. Defendants deny that this information specifically pertains to either defendants.**

14. Palisades Collection LLC is a debt collector as defined in the FDCPA.

**ANSWER:** **Defendants admit that Palisades Collection LLC is a debt collector as defined by the FDCPA in many instances and for many purposes. Defendants deny that Palisades Collection LLC was acting as a debt collector with respect to the plaintiff.**

15. Palisades Acquisition XVI, LLC is a debt collector as defined in the FDCPA.

**ANSWER:** **Defendants deny the allegation contained in this paragraph.**

## FACTS

16. Palisades Acquisition XVI, LLC and Palisades Collection, LLC obtain no or virtually no documentation substantiating that the purported debtors actually owe any money to anyone. If it wanted such documentation, Palisades Acquisition XVI, LLC and Palisades Collection, LLC would have to pay more for the debts.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

17. To make up for this self-created deficiency, Palisades Acquisition XVI, LLC and Palisades Collection, LLC resort to fraud and misrepresentation.

**ANSWER:** **Defendants deny the allegations contained in this paragraph.**

18. Attached as Appendix A is a document which was attached to a complaint filed against plaintiff in the Circuit Court of Cook County by Palisades Acquisition XVI, LLC.

**ANSWER: Upon information and belief, defendants admit that Appendix A purports to be a copy of a document that was attached to the complaint filed against the plaintiff to collect a defaulted debt. Defendants deny the remaining allegations contained in this paragraph, if any.**

19. Appendix A purports to be a statement of account sent by Palisades Collection, LLC to plaintiff on or about July 5, 2007.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

20. Appendix A is made to appear as if it were sent in the mail, as a statement of account, issued in the regular course of business. It states that the top portion should be detached and returned with payment. It gives instruction at the bottom about "prompt crediting of payments."

**ANSWER: Defendants deny the allegations contained in this paragraph.**

21. Documents similar to Appendix A are regularly attached to collection complaints.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

22. Appendix A is a standard form document, filled out in a standardized manner.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

23. Appendix A was never sent to plaintiff as an independent document. It was only sent to plaintiff as an exhibit to a complaint which was served on him.

**ANSWER: Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

24. The purpose and effect of Appendix A is to falsely represent that the document was sent to the putative debtor and not objected to.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

5

## VIOLATION ALLEGED

25.　<u>Appendix A</u> violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer. (§1692e(10)).

**ANSWER:　Defendants deny the allegations contained in this paragraph.**

## CLASS ALLEGATIONS

26.　Plaintiffs bring this claim on behalf of a class, consisting of (a) all natural persons (b) against whom a complaint was filed (c) attaching a document in the form represented by <u>Appendix A</u> (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:　Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

27.　The class is so numerous that joinder is impracticable.

**ANSWER:　Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

28.　There are more than 40 natural persons against whom a complaint was filed attaching a document in the form represented by <u>Appendix A</u>, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:　Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

29.　There are question of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Appendix A</u> violates the FDCPA.

6281884v1 885462

**ANSWER:    Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

30.    Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:    Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

31.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:    Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

32.    A class action is superior to the other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**ANSWER:    Defendants deny that a class exists, deny that a class should be certified, and therefore deny the allegations contained in this paragraph.**

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

Any violation of the Fair Debt Collection Practices Act, which defendants deny occurred, was not intentional and the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

### *Second Affirmative Defense*

Palisades Acquisition XVI, LLC, as an assignee of Colonial Credit Corporation, stands in the shoes and obtains all the rights Colonial Credit Corporation obtained when O'Rourke opened his Colonial Credit Corporation account when Palisades Acquisition XVI, LLC purchased O'Rourke's debt. Palisades Acquisition XVI, LLC thus has standing to sue O'Rourke for the unpaid balance. See, *PRA, III LLC v. Cheryl Hund*, 364 Ill. App. 3d 378, 846 N.D.2d 965 (3rd Dist. 2006); *Olvera v. Blitt & Gaines*, 431 F.2d 285 (7th Cir. 2005); *Vickey v. Asset Acceptance, LLC*, 2004 WL 1510026, *2 (N.D.Ill. 2004).

*Third Affirmative Defense*

Defendants assert that arbitration may be the appropriate venue for O'Rourke's claims, as defendants may possess certain arbitration rights based on contracts entered into by O'Rourke.

*Fourth Affirmative Defense*

Defendants are entitled to a set-off or recoupment based on the amount owed on the account.

*Fifth Affirmative Defense*

Defendants state that they are entitled to assert the litigation privilege as a bar to O'Rourke's FDCPA claims. O'Rourke challenges documents filed and statements made by Palisades Acquisition XVI, LLC in the collection litigation, and specifically the collection complaint and its attachments. O'Rourke claims those documents contain false, deceptive and misleading statements because Palisades Acquisition XVI, LLC included a document that purported to imply that the debtor had been mailed a letter. However, the collection complaint and attachments were filed and prepared in the underlying litigation and thus the statements are protected by the litigation privilege. As such defendants can assert the litigation privilege to O'Rourke FDCPA claims to the extent they are based on the collection complaint and attachments thereto. *MacGregor v. Rutberg*, no. 06-2829, slip op., p. 2-3 (7th Cir. February 27, 2007); *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc., et al.*, slip op., case no. 06CV1124 JAH (BLM), *6-7 (S.D.Cal. February 14, 2007); see also, *Malevits v. Friedman*, 753 N.E.2d 404, 406-7 (Ill. App. 1st Dist. 2001); *NSB Tech. Inc. v. Spec. Direct Marketing, Inc.*, 2004 WL 1918708, *3 (N.D.Ill. 2004).

*Sixth Affirmative Defense*

Palisades Collection LLC states that it is not a proper defendant to this case since it did not conduct or participate in any collection activity with respect to the plaintiff.

*Seventh Affirmative Defense*

Defendants state that additional affirmative defenses may exist as to individual class members in the event a class is certified, such as the Voluntary Payment Doctrine, class members who filed for Chapter 7 bankruptcy, or other individual defenses.

8

Defendants reserve the right to amend their Affirmative Defenses to address those potential defenses.

WHEREFORE, Defendants, Palisades Acquisition XVI, LLC and Palisades Collection LLC respectfully request that the Court dismiss the Complaint in its entirety and grant such other and further relief in its favor as the Court deems just and proper

Respectfully submitted,

By: s/Justin M. Penn
One of the Attorneys for Defendants

David M. Schultz
Justin M. Penn
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street
Suite 300
Chicago, IL 60601-1081
312-704-3000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on March 11, 2008, Defendant's **Answer and Affirmative Defenses to Complaint – Class Action,** was electronically file using the CM/ECF system which will send notification of such filing to all attorneys of record.

s/Justin M. Penn
Justin M. Penn

6281884v1 885462